UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

LORTERDAN PROPERTIES AT RAMAPO I, L.L.C.,

                Plaintiff,

    -against-

WATCHTOWER BIBLE AND TRACT SOCIETY OF
NEW YORK, INC.,

                Defendant.

------------------------------------------------------------------X

Case No. 11-cv-03656 (CS)(LMS)

ECF Case

### ATTORNEY'S DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT UNDER FED.R.CIV.P. RULE 56

JOSHUA J. GRAUER does hereby declare under penalty of perjury, as follows:

1.    I am a Member of Cuddy & Feder LLP, attorneys for Plaintiff Lorterdan Properties at Ramapo I, L.L.C. ("Lorterdan"). I have personal knowledge of all of the facts and circumstances and pleadings and proceedings heretofore had in the above-captioned action. This Declaration is respectfully submitted in support of Lorterdan's Motion for Summary Judgment (the "Motion") seeking, *inter alia*, the entry of a money judgment against Defendant Watchtower Bible and Tract Society of New York, Inc. ("Watchtower") in the principal sum of $9,500,000, together with interest and prevailing party attorneys' fees, for the limited purpose of providing the Court with the pleadings filed in this action as required under FED. R. CIV. P. 56.

2.    On May 10, 2011, Lorterdan commenced this litigation by filing a Summons and Verified Complaint in Supreme Court, Rockland County together with Notices of Pendency. A copy of the first page of Lorterdan's Summons and Verified Complaint, and a complete copy of

the Notices of Pendency filed against the Subject Property,[1] together with proof of service, are collectively annexed as Exhibit A.

3. On May 17, 2011, Lorterdan amended its Verified Complaint as of right and the same was duly filed in the office of the Rockland County Clerk. A copy thereof, together with proof of service, is annexed as Exhibit B.

4. On May 27, 2011, this action was removed to this Court by Watchtower's Notice of Filing of Notice of Removal, a copy of which is annexed as Exhibit C <u>without</u> annexation of the exhibits thereto.

5. On June 3, 2011, Watchtower filed and served its Answer and Counterclaims, a copy of which is annexed as Exhibit D.

6. On June 10, 2011, Lorterdan filed its Reply to Watchtower's Counterclaims, a copy of which is annexed as Exhibit E.

7. For the reasons set forth, *inter alia*, in the accompanying Affidavit of Robert D. Jackson and Lorterdan's Memorandum of Law, it is respectfully submitted that Lorterdan's Motion for Summary Judgment should be granted in its entirety, and Judgment entered in Lorterdan's favor on its First, Third and Fifth Causes of Action:

(a) Declaring, *inter alia*, that Watchtower:

1. Determined to proceed with the Watchtower Development on February 27, 2009, upon its filing of Watchtower's First Tax Exemption Application which, *inter alia*, verified, in sum and substance, internal organizational approval of the Watchtower Development, Watchtower's commitment of its own resources to pay for the Watchtower Development buildings and

---

[1] All defined terms herein carry the same meaning as set forth in the accompanying Affidavit of Robert D. Jackson.

improvements as shown on the Watchtower Architectural Site Plan, and Watchtower's affirmative, sworn representation that construction of the Watchtower Development would begin "as soon as" all necessary approvals could be obtained, thereby obligating Watchtower to pay Lorterdan the sum of $9,500,000 under Section 4(a) of the Consulting Agreement within ten (10) days thereof, together with interest at the legal rate from March 10, 2009, attorneys' fees, costs and disbursements;

2. Waived the alleged right claimed in the Notice of Sale to sell the Subject Property back to Lorterdan for the sum of $11,500,000;

3. Is judicially estopped from claiming in defense of this action that it had never determined to proceed with the Watchtower Development;

4. Breached Section 2.9 of the Repurchase Agreement by failing to submit the Rezoning Application to the Town for the rezoning of the Subject Property and, as a result, unlawfully rendered the approval of such rezoning by the Town impossible, thereby assuming liability to Lorterdan in the sum of $9,500,000 on that ground as well; and

5. Breached the covenant of good faith and fair dealing set forth in the Agreements and is thus liable to Lorterdan for the sum of $9,500,000 pursuant to the Agreements, with interest thereon;

(b) Directing entry by the Clerk of Judgment in favor of Lorterdan and against Watchtower in the amount of $9,500,000, together with New York statutory interest at the rate of Nine (9%) Percent from March 10, 2009 until paid, prevailing party attorneys' fees, costs, and disbursements;

C&F: 1678459.13

3

(c) Dismissing all of Watchtower's Counterclaims with prejudice; and

(d) Awarding to Lorterdan such other, further, and different relief as the Court may deem just and proper.

Dated: White Plains, New York
      September 6, 2011

_____
JOSHUA J. GRAUER (JG4594)

C&F: 1678459.13

4