Watchtower Bible and Tract Society of New York, Inc.'s Initial Disclosures

# Exhibit A

Watchtower Bible and Tract Society of New York, Inc.'s Initial Disclosures—Exhibit A

# Document 060

From:       Pollock, Robert Jr.
Sent:       Thursday, March 04, 2010 5:06 AM
To:         Judith A. Procopio
Cc:         Miller, John III; Fowler, John; Anthony Montalbano; Bernadette Kilduff
Subject:    RE: Watchtower - Letter from Town of Ramapo Assessor

Judith,

Thanks for your note. We see no reason why Robert Jackson could not have a copy of this. You can feel free to give him a copy.

RaP

From: Judith A. Procopio [mailto:jap@mcfnylaw.com]
Sent: Tuesday, March 02, 2010 11:56 AM
To: Pollock, Robert Jr.
Cc: Miller, John III; Fowler, John; Anthony Montalbano; Bernadette Kilduff
Subject: Watchtower - Letter from Town of Ramapo Assessor
Importance: High

Dear Mr. Pollock:

Please see the attached letter from the Assessor for the Town of Ramapo regarding the tax exempt status for Watchtower's lots for 2009-10 tax year.

Note that I was approached by Robert Jackson, asking for a copy of this letter when it became available. Please advise if I may forward the letter to Mr. Jackson.

Judi Procopio

Judith A. Procopio, Esq.
Montalbano, Condon & Frank, P.C.
67 North Main Street
New City, NY  10965
(845) 634-7010
Fax:  (845) 634-8993

Watchtower Bible and Tract Society of New York, Inc.'s Initial Disclosures—Exhibit A

# Document 061

### WORLD HEADQUARTERS OF JEHOVAH'S WITNESSES
25 Columbia Heights, Brooklyn, NY 11201-2483 • Tel. 718 560-5000

GED:AH  July 15, 2009  No. 1403G

Via E-Mail

Branch Committee
UNITED STATES

Re:     Tax Re-Assessment of Sterling Mine Road property in the Town of Ramapo

Dear Brothers:

Thank you for your BD:RA July 10, 2009, letter No. 1263, regarding the tax re-assessment of the Sterling Mine Road property. We agree that you should continue to pursue tax exemption with the Town of Ramapo after the closing on the Touro property. Please work close-ly with the Legal Department to insure that, while pursuing our tax exemption status, we do not do anything to jeopardize our being able to return the property back to the original owner after the two years.

Your brothers,

Governing Body

# Watchtower Bible and Tract Society of New York, Inc.'s Initial Disclosures—Exhibit A

# Document 062

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND

----------------------------------------------------------------------x

In the Matter of the Application of Watchtower Bible
and Tract Society of New York, Inc.,

Petitioner,

-against-

The Town of Ramapo, a Municipal Corporation,
Its Assessor, and Board of Review,

Respondents,

For a review under Article 7 of the Real Property
Tax law of the State of New York of the 2009, and
thereafter, assessment of certain real property situated
in the County of Rockland and State of New York.

----------------------------------------------------------------------x

Answer

Index No. 8111/09

     Respondents, the Town of Ramapo, and its Assessor and Board of Review, by their

attorney, Michael L. Klein, Esq., RamapoTown Attorney, as and for their answer to the petition,

state as follows:

## AS AND FOR ITS ANSWER TO "BACKGROUND"

    1.  Lack knowledge and information sufficient to form a belief as to the truth of the

allegations contained in paragraphs First, Second, Third and Twelfth of the petition.

    2.  Deny the allegations contained in paragraph Seventh.

    3.  Lack knowledge and information sufficient to form a belief as to the truth of the

allegations contained in paragraph Ninth but admit that a deed dated February 27, 2009 from

Lorterdam Properties at Ramapo I, LLC to Petitioner was recorded in the Rockland County

Clerk's Office on March 13, 2009 as Instrument No. 2009-7949 purportedly conveying property

in Rockland and Orange Counties as described in said deed. Respondents also admit that the

1

Assessor assigned separate tax lot designations to the 292 separate lots in the Town of Ramapo created as a consequence of subdivision approval granted by the Town of Ramapo Planning Board to Lorterdam Properties at Ramapo I, LLC as part of a proposed active adult residential housing development. The assigned tax map designations are: 38.10-1 lots 10 through 60; 38.13-1 lots 2 through 55; 38.14-1 lots 2 through 75; 38.14-2 lots 1 through 44; 38.14-3 lots 1 through 46; 38.17-1 lots 3 through 11; 38.18-1 lots 1 through 14.

4. Lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph Eleventh but admit that a deed dated February 27, 2009 from Lorterdam Properties at Ramapo I, LLC to Petitioner was recorded in the Rockland County Clerk's Office on March 13, 2009 as Instrument No. 2009-7949 purportedly conveying property in Rockland and Orange Counties as described in said deed.

5. Deny the allegations contained in paragraph Thirteenth of the petition but admit that the property was re-zoned from RR-180 to RSH upon the petition of Lorterdam Properties at Ramapo I, LLC, and that the Town Board approved a special permit at the request of Lorterdam Properties at Ramapo I, LLC permitting the property to be developed as an active adult housing development pursuant to Section 376-163 of the Town of Ramapo Zoning Law. Subdivision approval was thereafter granted by the Planning Board.

## AS AND FOR ITS ANSWER TO "TAX EXEMPTION FOR TAX YEAR 2009 AND THEREAFTER"

6. Deny the allegations contained in paragraph Fourteenth, Twenty-third, Twenty-fourth and Twenty-fifth.

7. Deny the allegations contained in paragraph Sixteenth but admit that the property

2

remains on the tax roll without exemption and that Exhibit H is correspondence sent from the Town Assessor.

8. Deny the allegations contained in paragraph Seventeenth of the petition but admit that petitioner filed the complaints attached as Exhibit J.

9. Admits the allegations in paragraph Eighteenth of the petition but note that the denial was for both petitioner's request for exemption and the allegation of excessive assessment.

10. Deny the allegations contained in paragraph Nineteenth and the Court is respectfully referred to the referenced document for its content and import.

11. Deny the allegations contained in Paragraph Twentieth of the petition, but admit that petitioner filed an application on Grievance Day seeking tax exempt status for its property, a copy of which is Exhibit M.

12. Admit the allegations in paragraph Twenty-first but note that the Board also denied and provided notices as to complaints referencing three lots with other tax map designations.

## AS AND FOR ITS ANSWER TO "UNEQUAL AND IMPROPER ASSESSMENT"

13. Deny the allegations contained in paragraphs Twenty-sixth, Twenty-seventh, Twenty-eighth, Twenty-ninth, Thirtieth, Thirty-first and Thirty-second.

## AS AND FOR A FIRST OBJECTION IN POINT OF LAW

14. Petitioner is not entitled to a tax exemption pursuant to RPTL Section 420-a as the proposed use is not permitted by the Town of Ramapo Zoning Law.

## AS AND FOR A SECOND OBJECTION IN POINT OF LAW

15. Petitioner is not entitled to a tax exemption pursuant to RPTL Section 420-a as it has failed to demonstrate that as of the taxable status date construction of buildings or

3

improvements was in progress or was in good faith contemplated, and that there were concrete and definite plans for utilizing and adopting the property for exempt purposes within the reasonably foreseeable future.

## AS AND FOR A THIRD OBJECTION IN POINT OF LAW

16  As of the taxable status date, the property was not being used for an exempt purpose.

**WHEREFORE**, respondents respectfully request that the petition be in all respects denied, and that respondent be awarded costs and disbursements of this proceeding, together with reasonable expenses.

Dated: Suffern, NY
      August 17, 2009

 

                               Michael L. Klein, Esq.
                               Town Attorney, Town of Ramapo
                               Attorney for Respondents, Town of
                               Ramapo, and its Assessor and Board of
                               Review
                               237 Route 59
                               Suffern, NY 10901
                               (845) 357-5100

                               Michael L. Klein

4

Watchtower Bible and Tract
Society of New York, Inc.'s
Initial Disclosures—Exhibit A

# Document 063

## *WORLD HEADQUARTERS OF JEHOVAH'S WITNESSES*

25 Columbia Heights, Brooklyn, NY 11201-2483 • Tel. 718 560-5000

GAX:AL   October 24, 2008   No. 311G

Via E-Mail

Branch Committee
UNITED STATES

    Re:    Property Search Matters

Dear Brothers:

    The Governing Body appreciated having the opportunity to meet with representatives of the Branch Committee this week to discuss property matters.

    We have determined that we would still prefer to pursue the Gould property. However, you may also proceed in looking into the Sterling Mine property. We would like the members of the Branch Committee themselves to see this property. If you feel that it would be a good location for a third complex, then a letter of intent could be written. It would be based on closing in 90 days with no money lost other than the interest on the deposit. The offer would be for $20 million, but if that is declined, then you could offer up to $21 million.

    In your update on this matter, please provide us with figures on the distances involved from these two potential sites to congregations where Bethel family members would be assigned.

    Please be assured of our warm Christian love and best wishes.

                 Your brothers,

                 Governing Body

# Watchtower Bible and Tract Society of New York, Inc.'s Initial Disclosures—Exhibit A

# **Document 064**

# *WORLD HEADQUARTERS OF JEHOVAH'S WITNESSES*

25 Columbia Heights, Brooklyn, NY 11201-2483 • Tel. 718 560-5000

GAX:AL   December 11, 2008   No. 505G

Via E-Mail

Branch Committee
UNITED STATES

Re:    Sterling Mine and Touro Property Matters

Dear Brothers:

At our weekly meeting today, three members of your Branch Committee, Brothers Cork ern, Schilling, and Weaver, along with Brothers Rice and Reinmueller, spoke to us regarding the Sterling Mine Road property. The Governing Body approves of the Property Search Group pursuing "Option 2" on the document entitled "Proposed Terms of Purchase U.S.—Sterling Mine Road," which was given to us at our meeting and dated December 10, 2008.

Please advise all involved, including the U.S. Legal Department, to do their homework. There are many details involved with pursuing "Option 2," and we wish to avoid needless legal problems in the future. We urge you to work on ironing out all of these important details so as to obtain a secure agreement which will be in the best interests of Watchtower. We agree with your Branch Committee pursuing both the Sterling Mine and Touro properties at the same time. We pray that Jehovah guide us in knowing which course to take in the future, depending on the outcome of the future negotiations.

Thank you very much for your diligent efforts in behalf of Kingdom interests.

Your brothers,

Governing Body

# Watchtower Bible and Tract Society of New York, Inc.'s Initial Disclosures—Exhibit A

# Document 065

## Proposed Terms of Purchase
## 155 Sterling Mine Road

| | |
|---|---|
| PROPERTY: ...................... | 248± acres of unimproved land at 155 Sterling Mine Road in the Town of Ramapo, Rockland County, New York, and the Town of Tuxedo, Orange County, New York |
| PURCHASE PRICE:............. | $21,000,000 – Twenty One Million Dollars (US) |
| DEPOSIT:.......................... | No Deposit Required |
| TERMS: ............................ | Watchtower is making an "All Cash" offer to purchase the fee simple interest of the Property in "As Is" condition |

Watchtower agrees to purchase the Property for $11,500,000 (Purchase Price) and enter into a separate agreement to pay Seller an additional $9,500,000 as a bonus at the end of 2 years after the closing date if Watchtower determines that it will proceed with its development

- Watchtower can pay the $9,500,000 bonus at any time before to the end of the 2-year period if sufficient approvals have been obtained from the municipality

If for any reason before the end of 2 years from the closing date Watchtower determines that it will not proceed with its development of the Property, Seller is required to buy-back the Property for the full original Purchase Price of $11,500,000

- Seller is not required to buy-back the Property before the 2-year period has ended

- Watchtower will provide notice giving Seller six (6) months to secure financing for the buy-back

  Watchtower may give notice to Seller at any time, but if notice is given before the 18th month, Seller is not required to buy-back the Property until 2 years after the closing (plus any extensions)

- Watchtower will grant up to 6 one-month extensions to Seller to secure financing at a cost of *[Amount to be determined: Perhaps the Taxes and Lost interest on the Buy-Back Price]* (The extension payments are not applicable to buy-back price)

- If for any reason Seller chooses not to buy-back, or cannot buy-back the Property within the Buy-Back Period, or any of its paid extensions, Seller forfeits the $9,500,000 bonus and Watchtower retains the Property with no further obligation to Seller

Revised: December 12, 2008

Proposed Term of Purchase
155 Sterling Mine Road
Page 2

| | |
|---|---|
| INSPECTION PERIOD: ....... | Thirty (30) days following the execution of a Purchase and Sales Agreement |
| | Watchtower may freely discuss its proposed project and the Property with political, regulatory, and environmental groups |
| CLOSING: ......................... | Thirty (30) days following the execution of a Purchase and Sale Agreement |
| CONDITIONS TO CLOSING: | Seller will transfer and/or assign to Watchtower all of the sewer and water capacity, that Seller has the right to transfer and/or assign from any municipal and/or private utility for the Property |
| | Seller will transfer and/or assign all other approvals and the results of any due diligence or engineering studies for the property |
| BROKER: .......................... | David Gold of Strategic Capital Advisors is the sole broker involved in this transaction |
| | Seller is responsible to pay the Broker's commission |
| PURCHASER: .................... | Watchtower Bible and Tract Society of New York, Inc. M. H. Larson, President |
| SELLER: ........................... | Lorterdan Properties at Ramapo I, LLC Robert Jackson, Partner |

Revised: December 15, 2008

Watchtower Bible and Tract Society of New York, Inc.'s Initial Disclosures—Exhibit A

# Document 066

## UNITED STATES BRANCH
BA:BK  January 15, 2009  No. 623

Via E-Mail

GOVERNING BODY

Re:  Property Search Update – Touro and Sterling Mine Road Properties

Dear Brothers:

We are pleased to inform you that the remaining details regarding the purchase of the Touro property in the Town of Warwick on Long Meadow Road in Orange County appear to have been resolved and that the Legal Department is completing the preparation of the Purchase and Sale Agreement.  The purchase price is $23,500,000 with the closing to take place in 180 days.  The anticipated date to execute the contract is next Friday, January 23, 2009.

Also, the contract and attachments for the Sterling Mine Road property in the Town of Ramapo in Rockland County are now being finalized by the Legal Department. The purchase price is $11,500,000 with an additional payment of $9,500,000 to be made 24 months after closing if we intend to develop the property.  (Total amount $21,000,000.)  The closing is to take place 30 days after the signing of the contract. However, if for any reason we choose not to develop the property, the Seller will either purchase the property back for the full original purchase price or forfeit the additional payment. The anticipated date to execute the Purchase and Sale Agreement is also set for next Friday, January 23, 2009.

Thank you for noting this update.

Your brothers,
{Signed by Harold Corkern
for Leon Weaver, Jr.}

For the U.S. Branch Committee

# Watchtower Bible and Tract Society of New York, Inc.'s Initial Disclosures—Exhibit A

# Document 067

# *UNITED STATES BRANCH*

BA:BD   June 12, 2009   No. 1163

*Via E-mail*

GOVERNING BODY

Re: Potential development of a third site outside New York City

Dear Brothers:

We are writing to request your direction with regard to the potential development of a third site outside New York City. As you know the Property Search Group has recently narrowed its focus to that of pursuing approval to develop one of two sites near Sloatsburg, New York. One site is the property that the organization purchased in the Town of Ramapo, NY in Rockland County called the Sterling Mine Road site. The other site is the property now owned by Touro College in the Town of Warwick, NY in Orange County. The following subheadings outline the progress to date, the choices we face at present, and our recommendations.

**Sterling Mine Road Property:**

In July of 2008 this property was brought to our attention by a local broker. The owner, Lorterdan Properties, had been successful with rezoning the property so that 292 age-restricted homes could be built on the 248 acre property. However, due to the economy there were no longer any buyers and the company developed financial difficulty. Although the zoning does not allow for our use, meetings with the Town of Ramapo indicated that the Town would be receptive to our project and would work with us to make any needed adjustments to the zoning.

At your direction a contract for the property was signed on January 23, 2009 to purchase the property outright within 30 days for $21 million. It outlined that an initial payment was to be made of $11.5 million and that if we were successful in getting approvals, another $9.5 million would be paid. The property was purchased on February 27, 2009.

Since that time several more meetings have been held with Town officials with the goal of obtaining approvals for the project. Representatives of the Town have agreed to a zoning text change that will allow our use of the property. However, this change has not been formally submitted to the Town Board for approval for several reasons. One reason is that there is another controversial project under consideration and the Supervisor does not want us to make our proposal at the same time. However, the key reason is that the Supervisor wants to have a Community Benefit Agreement (CBA) with Watchtower ready for their consideration at the same time as our rezoning proposal. This agreement would outline payments in lieu of taxes.

Re: Potential development of a third site outside New York City
BA:BD  June 12, 2009   No. 1163
Page 2 of 5

We have learned that the Town of Ramapo is very skilled at extracting money in the form of taxes from normally tax exempt organizations. A number of special districts have been created for providing services such as fire, ambulance, lighting, garbage, etc. When a town creates a special district, even tax-exempt organizations are required to pay these "ad valorem" taxes under New York State law. In conjunction with these taxes, the Town of Ramapo wants Watchtower to enter into a CBA that combined with the ad valorem taxes would amount to $300,000 a year to the Town for a period of up to five years to provide a minimum cash flow from the property. If during this period the ad valorem taxes increase beyond $300,000, no payments other than the ad valorem taxes would be made. Additionally the Town wants Watchtower to contribute $700,000 toward the purchase of a ladder truck so the town can provide necessary fire protection to our buildings. The enclosed Attachment #1 entitled "Watchtower Payments" outlines the impact of both the ad valorem taxes and the Community Benefit Fees. If the market value of our completed project is deemed to be in the range of $150 million then the taxes could be in excess of $600,000 per year.

At this stage it appears that we have three possible courses to pursue with the Sterling Mine Road property. *Option One* is to move ahead quickly and submit a proposed Community Benefit Agreement as well as our proposed zoning text change for the next Town Board meeting on June 24, 2009. Proceeding in this manner will maintain the level of enthusiasm shown until now by officials in Ramapo. However, it will require careful planning so that we do not fulfill the contract obligations for paying the additional $9.5 million before we are sure we want to commit to build on the property. *Option Two* is to slow down in our negotiations with Ramapo until we get further along in the process with Warwick. This would mean that we would not receive our tax exemption for this coming year and we would have a tax bill of $361,905. *Option three* is to decide now that we do not want to proceed with Sterling Mine Road and inform Lorterdan Properties that they must either repurchase the property within the next 19 months at $11.5 million or forfeit the second payment.

Although it appears that the Town of Ramapo is fulfilling its earlier stated purpose to work with Watchtower to allow us to build our World Headquarters in their Town it is evident that they will extract a significant price for the privilege.

**Touro College Property:**

After several years of on-again, off-again discussions Touro College agreed to enter into a contract for sale of their property of approximately 250 acres on January 23, 2009. The agreement called for depositing $500,000 in an escrow account for a five month period while we searched for potential fatal flaws in our use of the property. After this period, which ends on June 22, 2009 the $500,000 becomes non-refundable and we have 30 days to complete the purchase of the property for a total of $23.5 million. The closing date would therefore be on or before July 22, 2009. In the meantime we have initiated several studies to determine whether there might be additional hidden costs to our development of the property.

Re: Potential development of a third site outside New York City
BA:BD  June 12, 2009  No. 1163
Page 3 of 5

*Dam and Spillway*: The property includes ownership of the dam that retains the lake adjacent to the property, which also is the source of the domestic water for the area. We hired an engineering firm to evaluate the condition of the earthen dam built in the early 1950s since New York State now holds property owners liable for maintenance of any dams on their property. The engineering firm found that the dam is in generally good condition but that it needs some maintenance that may cost approximately $300,000. However, they also noted that current regulations may require that the spillway also be enlarged. This is under further investigation. If needed the spillway enlargement is expected to cost an additional $600,000.

*Environmental Contamination*: Touro College commissioned several studies to determine whether there was any environmental contamination that would need to be remediated on the property since it was used earlier as a metals laboratory. Some contamination was found in the ground and asbestos was identified in the existing buildings. Touro College hired a contractor to remove the asbestos from the buildings, but the final sign-off has not been completed. Nothing was initiated with regard to the minor contamination detected in the ground. The non-asbestos cleanup costs were estimated to be near $500,000 but more detailed information was needed. We hired an engineering firm to do the additional investigation and make an estimate of the clean-up costs. They confirmed that the cleanup costs would be less than $500,000.

*Protected Species Investigation*: The environmental community has opposed development at several surrounding projects over the past few years due to the possible presence of Eastern Timber Rattlesnakes, which are a protected species in New York State. If snake dens are found on a property it could prevent potential development. Location of dens nearby does not usually prohibit construction, but it can slow down the approval process for a year or more to perform detailed studies and determine any needed mitigation. To determine whether there could be any significant delay to our development we hired an expert to do a study. The investigation has revealed that there are likely two previously unknown dens in the vicinity of the property. One is over a mile north and slightly west of the site. The presence of this den does not seem to present a problem due to its distance. One mile is usually the limit of travel distance for these snakes. The other den is much closer, but is on the northeast side of Long Meadow Road. Since the road itself presents a formidable barrier to any snake crossings this should not present problems as long as our development plans remain exclusively on the southwest side of Long Meadow Road.

*Zoning and Building Approvals*: Since entering into contract it was found that a religious group called Kings College received nearly complete approvals to develop a college for 1,600 persons on the property. This would have covered over 100 acres and included buildings up to 60 feet in height. The environmental impact of the proposal would have been more severe in nearly every way compared to what we would propose. The underlying zoning has been changed since this application. However, a meeting with key officials in the Town of Warwick revealed that our proposed use is in concert with the current zoning. We would need to obtain a Special Permit for our religious use, which is a discretionary approval. The officials stated that

Re: Potential development of a third site outside New York City
BA:BD  June 12, 2009  No. 1163
Page 4 of 5

they were impressed with our plans and indicated that by going through the process of an Environmental Impact Statement our project had very good chances of being approved. We believe that this permit process would take about 18 months.

With the above information the Property Search Group believes that a recommendation to purchase the property can be made. Although there are no guarantees at this point that we can fully use the property as we intend, there were no "fatal flaws" found.

The Property Search Group previously stated that our offer for the property was higher than market value. In the present economic climate the market value has dropped further, although we have signed a contract to purchase it for $23.5 million. An opportunity has presented itself, however, which may result in purchasing the property at a lower price. Touro College has stated that for internal reasons they would like to close on the property in June instead of July. Since the certainty of our success with developing on the site will not increase significantly over this time period we recommend offering to close on the property during June for a reduced price.  Touro representatives have requested a meeting on Monday, June 15, to discuss an early closing.  The Property Search Group will have further information to share afterwards that should help us determine just how much of a reduced price should be offered, if any.

**Conclusion:**

Now that the Property Search Group has had the opportunity to make a comparative study of the two properties it appears that both properties have potential to be used as our future World Headquarters site. Both properties could provide a pleasant facility with room for some expansion. However, to date, the Town of Warwick has shown neither the level of sophistication nor the desire to extract high taxes for our use of the Touro property. Warwick will certainly want something in exchange for their granting a Special Use Permit, and it may include a ladder truck to serve our new facility. However, it appears that the expectations in Warwick are more modest than in Ramapo. An indication of this can be seen from comparing the special district taxes in Warwick with those of the Town of Ramapo. Attachment #2 entitled "Special District (Ad Valorem) Taxes" compares the ad valorem taxes in Ramapo and Warwick.

There are advantages to each of the two properties. Nevertheless, it appears that development at the Touro College site would result in significantly less cost. Attachment #3 entitled "Comparison of Development Costs" outlines the anticipated costs for each project. The $14 million savings shown is what is believed to be the minimum savings between development on the two sites. Further, as previously conveyed to you, obtaining licenses to do Mechanical and Electrical work in Rockland is difficult and time-consuming. However, if we build in Rockland county these licenses will be necessary to accomplish ongoing maintenance. In view of all these factors we do not recommend pursuing development in Ramapo as our primary objective.

Re: Potential development of a third site outside New York City
BA:BD  June 12, 2009  No. 1163
Page 5 of 5

We recommend that we move forward with the purchase of the Touro property. If it is possible to close earlier at a lower price, we recommend that. If not, then we recommend closing on July 22, 2009 at a cost of $23.5 million. Meanwhile, we recommend *Option Two* noted above regarding the Sterling Mine Road property. That would be to move slowly and deliberately with a CBA and the adjustment to the zoning text. In this way, the Sterling Mine Road property can act as a backup in the unlikely event that there is a future roadblock in getting our approvals for the Touro College site.

We thank you for the opportunity to present these matters. We look forward to meeting with you along with the Property Search Group to discuss the matter on June 17, 2009.

Your brother,

{Signed by Harold Corkern for Leon Weaver, Jr.}

Leon Weaver
For the U.S. Branch Committee

Watchtower Bible and Tract
Society of New York, Inc.'s
Initial Disclosures—Exhibit A

# Document 068

# WORLD HEADQUARTERS OF JEHOVAH'S WITNESSES

25 Columbia Heights, Brooklyn, NY 11201-2483 • Tel. 718 560-5000

GAX:AH   June 18, 2009   No. 1308G

Via E-Mail

Branch Committee
UNITED STATES

    Re:   Property Matters

Dear Brothers:

    We appreciate having had the opportunity to meet with Brothers Weaver, Corkem, Breaux, Schilling, Jeff Baker, Moake, Pollock and Rice, on June 17, to discuss property matters. Additionally, we have considered your letters 1123, 1152, and 1163, all dealing with this subject.

    After considering what you had to say as well as the contents of your letters, we have decided that you should slow down the negotiations on the Sterling Mine Road property. We do not want our ability to return the property to be jeopardized.

    Also we decided to close with Touro by June 30. You should try to obtain a reduction to $20 million in exchange for an early payment and some unexpected expenses in connection wit the dam and the delay due to the investigation on the snakes, as well as the $5 million inflation rate. To obtain the reduction, it would be good to start lower, like at $17.5 million. If Touro is not in agreement with $20 million, then we should withdraw.

    We wish to remind you that, according to previous direction given you, we would like you to have Brother Reinmueller included in discussions about properties whenever he is available.

    Be assured of our continued prayers in your behalf and in seeking Jehovah's direction on the property matters.

                     Your brothers,

                     Governing Body

# Watchtower Bible and Tract Society of New York, Inc.'s Initial Disclosures—Exhibit A

# Document 069

## *WORLD HEADQUARTERS OF JEHOVAH'S WITNESSES*

25 Columbia Heights, Brooklyn, NY 11201-2483 • Tel. 718 560-5000

GAX:AH   August 27, 2009   No. 1555G

Via E-Mail

Branch Committee
UNITED STATES

        Re:     Agreement With Township of Ramapo

Dear Brothers:

        We appreciated very much the opportunity of meeting with you on August 26, 2009, to discuss the matter concerning the community benefit agreement to be made with the Township of Ramapo. In particular we appreciated the fact that you were able to answer the various questions that we have concerning these issues. You may have our approval to proceed with making this agreement with the Township of Ramapo.

        We wish you Jehovah's blessing as you go about making these final arrangements. With warm Christian love and greetings.

                                        Your brothers,

                                        Governing Body

Watchtower Bible and Tract Society of New York, Inc.'s Initial Disclosures—Exhibit A

# Document 070

## UNITED STATES BRANCH
BA:BK  November 5, 2009  No. 347

Via E-Mail

GOVERNING BODY

Re:  Property Update for October 28 to November 3, 2009

Dear Brothers:

Please find enclosed the weekly property update.

**Tuxedo Park Property**

The next Town of Warwick Planning Board meeting is on Wednesday, November 4, 2009.  The Design/Build Department and its consultants have submitted an outline for the Draft Environmental Impact statement to establish the scope of the environmental impact statement, which will be discussed at that meeting.  As you are aware, there has been some media coverage in the Brooklyn Heights Press (October 22) and Brooklyn Daily Eagle (October 21 and 23) newspapers; however, to date no upstate newspapers have carried articles concerning our acquisition of the property.

The Maintenance/Construction Department continues to coordinate necessary work to provide temporary water and electrical service, clean up, and make the property safe and secure. Roof repairs to the buildings are nearly complete, and site clean-up is well along with over 115 dumpsters of debris removed.  To improve security, the brothers are installing security cameras that can be monitored remotely at key locations throughout the property as well as improving the main gate and extending the security fence at the entrance.

**Ramapo Property**

The Community Benefit Agreement should be executed this week after property tax exemption has been granted.  At that point this year's payment will be made under the terms of the agreement.  From the Town of Ramapo's perspective, the way is now clear to take the next step towards building an administrative complex on the property in the future.

We are therefore seeking your direction as to whether we should submit the zoning change proposal to the Ramapo Town Board.  As described in BD:RA August 26, 2009 letter No. 1439 and attachments, we understand that submitting this zoning change should not affect the repurchase agreement.  However, it will place additional demand on the Design/Build Department.  Also, we cannot definitively predict what effect pursuing permits for both properties simultaneously would have on the Tuxedo Park permitting process.  For example, it could slow things down by requiring additional study of impacts from developing both properties.  On the other hand it might motivate the Town of Warwick to move more quickly to ensure our development.  Of course, at this time, the brothers are working to obtain permits at the Tuxedo Park Property as rapidly as possible.

Unless you direct otherwise, we feel it may be the safest course to hold off pursuing any modifications to the zoning until it becomes necessary to requalify for annual tax exemption, which occurs around March 1, 2010.

Thank you for considering this update, and we look forward to receiving your direction concerning the Ramapo Property.

Your brothers,

**Signed by Leon Weaver, Jr.**

For the U.S. Branch Committee

cc:   Alex Reinmueller
      Daniel Rice

Watchtower Bible and Tract Society of New York, Inc.'s Initial Disclosures—Exhibit A

# Document 071

# WORLD HEADQUARTERS OF JEHOVAH'S WITNESSES

25 Columbia Heights, Brooklyn, NY 11201-2483 • Tel. 718 560-5000

GAC:AL   November 11, 2009   No. 339G

Via E-Mail

Branch Committee
UNITED STATES

Re:     Zoning Change Proposal to Ramapo Town Board

Dear Brothers:

Your letter of BA:BK November 5, 2009, No. 347, was considered by the Governing Body today. In it, you ask for our comment on your desire to hold off submitting a zoning change proposal to the Ramapo Town Board until it becomes necessary to re-qualify for annual tax exemption, around March 1, 2010.

We have no objection to what you suggest. However, we would simply ask you to obtain the opinion of the U.S. Legal Department before proceeding. If the Legal Department agrees with your assessment of matters, you may proceed as you have suggested in your letter without any further consultation with us.

With every good wish, we are,

Your brothers,

Governing Body

# Watchtower Bible and Tract Society of New York, Inc.'s Initial Disclosures—Exhibit A

# Document 072

# MEMORANDUM

LLI:LST  November 20, 2009

Via E-Mail

U.S. BRANCH COMMITTEE
c/o P. LaFranca

Re:  Ramapo Property—Submission of Zoning Change Proposal to Ramapo Town Board

Dear Brothers:

In your memorandum to the Governing Body dated BA:BK November 5, 2009, No. 347, you advised that you wish to avoid submitting zoning modification proposals for the Ramapo property until necessary to qualify for annual tax-exemption on or about March 1, 2010. In the Governing Body's response dated GAC:AL November 11, 2009, No. 339G, you were asked to verify that the Legal Department concurs with what you are suggesting.

We concur with your recommendation. As long as Watchtower continues to demonstrate that it has concrete and definite plans to utilize and adopt the property for exempt uses and to show that it intends in good faith to develop its land for an exempt purpose—it is not yet necessary to file for zoning modification in order to qualify for tax-exemption the coming year.

We hope that our comments are helpful to you.

Your brother,

*Philip Brumley*

Philip Brumley
Legal Department

c:  Real Property Department
    Treasurer's Office

Watchtower Bible and Tract
Society of New York, Inc.'s
Initial Disclosures—Exhibit A

# Document 073

### UNITED STATES BRANCH
BA:BK  January 12, 2010  No. 615

Via E-Mail

GOVERNING BODY

Re:  Property Update for January 6, 2010, to January 12, 2010

Dear Brothers:

Please find enclosed the weekly property update.

**Tuxedo Park Property**

The brothers are working towards installing the main entrance gate and security cameras by the end of this month.  Progress is also continuing with plans to install the modular unit.

**Ramapo Property**

The local newspapers reported that the recently re-elected Town of Ramapo supervisor has announced that he is seeking his party's nomination to run for election as lieutenant-governor of New York State.  In a possibly connected matter, both the former property owner and the town planner have recently asked us about the status of our application.  We are waiting to pursue any modifications to the property's zoning until it becomes necessary to re-qualify for annual property tax exemption, which occurs around March 1, 2010 but this has not been communicated to any outside entities.  The Tuxedo Park Project Team and Real Property Department continue to monitor this matter

Thank you for considering this update.

Your brothers,

**Signed by Harold L. Corkern for Leon Weaver, Jr.**

For the U.S. Branch Committee

cc:   Alex Reinmueller
      Daniel Rice

Watchtower Bible and Tract
Society of New York, Inc.'s
Initial Disclosures—Exhibit A

# Document 074

### *UNITED STATES BRANCH*
BA:BK  April 6, 2010  No. 916

Via E-Mail

GOVERNING BODY

Re:  Property Update for March 24 to April 6, 2010

Dear Brothers:

Please find enclosed the weekly property update.

**Tuxedo Park Property**

All security cameras are now in use, and the main front gate is installed and operational.

**Ramapo Property**

Some construction work is planned by the adjoining property owner to the north, who has asked us to grant an easement that would allow a driveway realignment in harmony with the local highway department's recommendation. This might affect future access to the property, so the decision must take into account any possible effect on the repurchase agreement with the previous owner of our property, Lorterdan Properties, LLC ("Lorterdan"). The Design/Build and Real Property Departments are gathering information on this subject.

Concerning the repurchase agreement, Watchtower closed on the property on February 27, 2009. We have two years from that date to notify Lorterdan that we no longer wish to proceed with our proposed development and request that they repurchase the property from us. Then Lorterdan has six months after being notified to actually repurchase the property. If we were to notify Lorterdan in August of 2010, then they would need to buy the property back by February 2011. If we notify them at the two year deadline in February 2011, then they would have until August of 2011 to buy the property back. We do not know if Lorterdan is in a financial position to repurchase the property, but we have a meeting scheduled with the primary partner to discuss the the easement mentioned above, and at that time we will try to determine where they are financially.

Now that the property tax issue appears to be resolved, we have also received inquiries from the Town of Ramapo concerning when we plan on submitting our proposed zoning adjustment proposal. The Branch Committee is working closely with the Tuxedo Park Project Team, Design/Build Department, and the Real Property Department to consider the implications of submitting this document. We will present some recommendations for your consideration in the near future.

Thank you for considering this update.

Your brothers,

**Signed by Harold L. Corkern** for Leon Weaver, Jr.
For the U.S. Branch Committee

cc:  Alex Reinmueller, Daniel Rice

Watchtower Bible and Tract Society of New York, Inc.'s Initial Disclosures—Exhibit A

# Document 075

## UNITED STATES BRANCH
BA:BK  June 10, 2010  No. 1123

Via E-Mail

GOVERNING BODY

Re:  Property Update for June 2 to June 8, 2010

Dear Brothers:

Please find enclosed the weekly property update.

### Warwick Property

Preliminary reports indicate that the Town of Warwick has granted property tax exemption for all seven of our parcels. This is favorable because, as discussed in BA:BK December 23, 2009, No. 551, the previous owner, Touro College, had not filed for exemption when it acquired three of the parcels. Touro College had only filed for exemption on the four parcels constituting the main portion of the site. Following our purchase, the Real Property Department included these three parcels with the other four parcels when filing for exemption.

### Ramapo Property

Brother Pollock from the Design/Build Department responded to a call recently from the Town Attorney's office. Their office had "heard" that we no longer were interested in pursuing the property. Brother Pollock informed him that no decision had been made regarding that. It was mentioned that our organization is in the midst of a number of changes and that a decision had not been made as to how to use the property. This seemed to satisfy the attorney for the present. Therefore, we recommend not doing anything more with submitting a proposed zoning change until it seems necessary.

On the other hand, the agreement that the organization has with Robert Jackson will expire in February of 2011, which is just eight months away. So a decision will have to be made well in advance as to whether to keep the property and pay the additional money, or to advise that we wish to sell the property back.

Thank you for considering this update.

Your brothers,

**{Signed by Leon Weaver, Jr.}**

For the U.S. Branch Committee

cc:  R. Devine
     A. Reinmueller
     D. Rice

# Watchtower Bible and Tract Society of New York, Inc.'s Initial Disclosures—Exhibit A

# Document 076

**WORLD HEADQUARTERS OF JEHOVAH'S WITNESSES**

25 Columbia Heights, Brooklyn, NY 11201-2483 • Tel. 718 560-5000

HWB:HPF    September 9, 2010    No. 138G

Via E-Mail

Branch Committee
UNITED STATES

    Re:    Projected Occupancy for Future Facilities

Dear Brothers:

    This will acknowledge receipt of your letter BA:BD September 2, 2010, No. 117. We appreciate your thinking ahead regarding the future needs. However, the Governing Body does not have any plans to keep the property at Ramapo. Even if the future transaction does not take place, we are interested in selling it.

    We noted your second point about some activities in offices or other departments being supported by other branches, and in the future when the need arises we will reevaluate the Patterson guest room arrangement and, if necessary, cut in half the number of rooms or not use them at all. So when that is really a need in the future we will consider it at that time.

                  Your brothers,

                  Governing Body

Watchtower Bible and Tract
Society of New York, Inc.'s
Initial Disclosures—Exhibit A

# Document 077

## UNITED STATES BRANCH

BA:RA  October 4, 2010  No. 232

Via E-Mail

GOVERNING BODY

Re:  Ramapo Property

Dear Brothers:

Thank you for your letter HWB:HPF September 9, 2010, No. 138G providing direction concerning the Ramapo Property, specifically that "the Governing Body does not have any plans to keep the property at Ramapo.  Even if the future transaction does not take place, we are interested in selling it."  We believe that the "future transaction" you describe refers to selling the Ramapo Property back to the previous owner, Mr. Jackson.  Do we understand this correctly?  If so, please allow us to present some factors that would have a bearing on the timing for implementing this direction.

The final date to notify Mr. Jackson of the organization's intentions with the Ramapo Property is February 27, 2011.  However, the Repurchase Agreement provides that Mr. Jackson will have six months after receiving written notice from the organization to complete the transaction.  He can also obtain up to six one-month extensions at a monthly cost of $115,000.  The cost of these extensions would not count towards the repurchase price.  Therefore, a full year could elapse before Mr. Jackson actually repurchases the property.

Thus far, we have paid $550,000 to the Town of Ramapo as part of the approved terms of the Community Benefit Agreement ($300,000 for the first-year payment on September 1, 2009, and $250,000 for the second-year payment on September 1, 2010).  The next $250,000 annual payment to the Town of Ramapo will be due September 1, 2011.  Therefore, we could wait to notify Mr. Jackson closer to February 27, 2011, but since he has the right to extend for up to one year after we give notice, the later the notice the greater the likelihood of our having to make an additional payment.

Since the proposed development of the Warwick Property is not anticipated to be affected by the timing of when we provide notice to Mr. Jackson, it is our recommendation that we have the brothers notify Mr. Jackson as soon as possible.

Thank you for considering this inquiry and recommendation, and we look forward to your direction in this matter.

Your brothers,

{Signed by Leon Weaver, Jr.}

For the U.S. Branch Committee

cc:    Real Estate Study Group

Watchtower Bible and Tract Society of New York, Inc.'s Initial Disclosures—Exhibit A

# Document 078

# WORLD HEADQUARTERS OF JEHOVAH'S WITNESSES

25 Columbia Heights, Brooklyn, NY 11201-2483 • Tel. 718 560-5000

HTA:HPF   October 7, 2010   No. 236G

Via E-Mail

Branch Committee
UNITED STATES

Re:   Ramapo Property

Dear Brothers:

Thank you for your letter BA:RA October 4, 2010, No. 232, with regard to the Ramapo property. We discussed this at our meeting on October 6, 2010.

The Governing Body wants you to inform the former owner *as soon as possible* that we do not want to retain the property, and he should make plans to repurchase it from us. Please put him on notice.

Your brothers,

Governing Body

Watchtower Bible and Tract
Society of New York, Inc.'s
Initial Disclosures—Exhibit A

# Document 079

# UNITED STATES BRANCH
BA:BK  January 25, 2011  No. 621

Via E-Mail

GOVERNING BODY

Re:  Property Update for January 19 to January 25, 2011

Dear Brothers:

Please find enclosed the weekly property update.

**Warwick Property**

Preliminary comments from a member of the town's Architectural Review Board have been favorable and indicate an eagerness to schedule the first meeting to discuss the exterior design of the office building. Work is continuing with our consultants on the Draft Environmental Impact Statement (DEIS). The brothers have the goal of making an informal DEIS submittal to the Planning Board's consultants by the end of this month.

The engineering consultants that we hired to prepare the Emergency Action Plan for the Blue Lake Dam have completed their initial research. Their mapping reveals that a failure of the dam would inundate up to 57 structures and seven roads downstream from the lake. It would also block access to an additional 148 structures. It would not, however, affect any of the structures we are proposing for our site. Necessary repairs and upgrades are also being planned to ensure the dam continues to function safely.

**Ramapo Property**

A conversation with the former property owner occured on January 19, 2011. The property currently has approval for a community that is age-restricted to 55 years and older, and he is working to eliminate the age restriction. However, it will be another 30 days or so before he is able to present any request for formal action to the Town of Ramapo. Town officials are aware that a change is forthcoming and he has told them that he is in the process of getting control of the property again. Overall, he said that the town has not been too inquisitive about what is going on. The conversation was cordial and it appears that he is optimistic, but not confident, that he will be able to proceed with buying the property back. He is closely looking at conditions in the overall real estate and development markets. The deadline to repurchase the property is May 1, 2011, and the terms of the contract allow him to purchase up to six one-month extensions beyond that date.

As described previously, the brothers are also working to resolve the recently received special district tax bills. Thank you for considering this update.

Your brothers,

**_Signed by Leon Weaver, Jr._**

For the U.S. Branch Committee

cc:  R. Devine
     A. Reinmueller
     D. Rice